IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RICHFOOD, INC., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Civil Action No. 1:09cv899 |
| ) | |
| CHARLES C. KIM, ) | |
| ) | |
|     Defendant. ) | |

REPORT AND RECOMMENDATION

This matter came before the Court on plaintiff's Motion for Default Judgment as to Charles C. Kim (Dkt. No. 8). After no representatives for defendant appeared at the November 6, 2009 hearing on plaintiff's Motion, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

I. INTRODUCTION

Plaintiff Richfood, Inc. ("plaintiff") filed this action on August 12, 2009 against Charles C. Kim ("Kim"), alleging breach of contract regarding guaranty contracts. Plaintiff is a Virginia corporation with its principal place of business at 11840 Valley View Road, Eden Prairie, Minnesota 554400. (Compl. ¶ 1.) Defendant Kim is a resident and citizen of Maryland. (Id. at ¶ 5.)

Plaintiff seeks a judgment against Kim awarding plaintiff damages.

**A. Jurisdiction and Venue**

This Court has subject matter jurisdiction over this case

because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. (28 U.S.C. § 1332(a)(1); Compl. ¶ 6.) In his October 28, 2009 affidavit, Eastern Region Credit Manager for plaintiff, Rodney F. White, asserts that Kim has failed to pay $138,314.11 owing for goods and services provided by plaintiff. (White Aff. ¶ 6.) The Court has personal jurisdiction over Kim pursuant to Va. Code § 8.01-328.1, and the exercise of personal jurisdiction over Kim is consistent with due process. Kim executed all three guaranty instruments upon which each of the three claims asserted in this action are based in Fairfax County, Virginia (Exs. to Compl. 2, 5, 8.)

Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claims against defendants occurred in this District.

### B. Process and Service

On September 1, 2009, plaintiff's process server personally served the Complaint and Summons on Charles C. Kim at 12201 Cedarville Road, Brandywine, Maryland. (Dkt. No. 4.)

### C. Grounds for Default Judgment

Defendant has not appeared, answered, or otherwise filed any responsive pleadings in this matter. Default was entered by the Clerk of this Court on October 6, 2009. (Dkt. No. 6.)

## II. FACTUAL FINDINGS

Upon a full review of the Complaint, all relevant pleadings, plaintiff's Motion for Default Judgment, and the documents

submitted in proof of damages, the undersigned Magistrate Judge finds that plaintiff has established the following facts.[1]

Plaintiff is a Virginia corporation which provides grocery products and services to grocery stores. (Compl. ¶¶ 1, 9.) Non-party Fresh World VA-A, Inc. ("Reston Store") is a Virginia corporation which operates a grocery store located at 12040 North Shore Drive, Reston, Virginia. (Compl. ¶ 2.) Non-party Fresh World VA-B, Inc. ("Virginia Beach Store") is a Virginia corporation which operates a grocery store located at 2029 Lynnhaven Parkway, Virginia Beach, Virginia. (Compl. ¶ 3.) Non-party Fresh World MD-B, Inc. ("Glen Burnie Store") is a Maryland corporation which is not registered to do business in the Commonwealth of Virginia. (Compl. ¶ 4.) The Glen Burnie Store operates a grocery store located at 7927 Ritchie Highway, Glen Burnie, Maryland. (Id.)

On April 14, 2008, plaintiff entered into a retailer's agreement with the Reston Store in which plaintiff agreed to provide grocery products and services to the Reston Store in exchange for payment ("Reston Retainer's Agreement"). (Compl. ¶ 11; Ex. 1 to Compl.) Also on April 14, 2008, Kim executed a personal guaranty of the obligations of the Reston Store under which Kim promised to pay plaintiff, on demand, any and all

---

[1] The pleadings include the Complaint (Dkt. No. 1), plaintiff's Motion for Default Judgment ("Mot. for Default J.")(Dkt. No. 8) and Memorandum in Support thereof ("Mem. in Supp. of Mot. for Default J.")(Dkt. No. 9) and its supporting documents, including the Affidavit of Rodney F. White ("White Aff.").

3

obligations of the Reston Store to plaintiff. (Compl. ¶ 11; Ex. 2 to Compl.)  The price of products and services provided by plaintiff to the Reston Store from March 28, 2009 through July 23, 2009 pursuant to the Reston Retainer's Agreement, which remains unpaid despite plaintiff's demand, totals $97,713.88. (Compl. ¶ 12; White Aff. ¶ 3.)

On June 5, 2008, plaintiff entered into a retailer's agreement with the Glen Burnie Store under which plaintiff agreed to provide grocery products and services to the Glen Burnie store in exchange for payment ("Glen Burnie Retailer's Agreement"). (Compl. ¶ 13; Ex. 4 to Compl.)  On June 3, 2008, Kim executed a personal guaranty of the obligations of the Glen Burnie Store under which Kim promised to pay plaintiff, on demand, any and all obligations of the Glen Burnie Store to plaintiff.  (Compl. ¶ 14; Ex. 5 to Compl.)  Kim executed the personal guaranty of the obligations of the Glen Burnie Store in Fairfax, Virginia. (Compl. ¶ 14.)  The price of products and services provided by plaintiff to the Glen Burnie Store from March 17, 2009 through July 23, 2009 pursuant to the Glen Burnie Retailer's Agreement, which remains unpaid despite plaintiff's demand, totals $33,919.68.  (Compl. ¶ 16; White Aff. ¶ 4.)

On November 3, 2008, plaintiff entered into a customer agreement with the Virginia Beach Store under which plaintiff agreed to provide grocery products and services to the Virginia Beach Store in return for payment ("Virginia Beach Customer's Agreement").  (Compl. ¶ 17; Ex. 7 to Compl.)  Also on November 3, 2008, Kim executed a personal guaranty of the obligations of the

4

Virginia Beach Store under which Kim promised to pay plaintiff, on demand, any and all obligations of the Virginia Beach Store to plaintiff.  (Compl. ¶ 18; Ex. 8 to Compl.)  The price of products and services provided by plaintiff to the Virginia Beach Store from March 31, 2009 through May 28, 2009 pursuant to the Virginia Beach Customer's Agreement, which remains unpaid despite plaintiff's demand, totals $6,680.55.  (Compl. ¶ 21; White Aff. ¶ 5.)

The Reston Store, Glen Burnie Store, and Virginia Beach Store currently owe plaintiff a total of $138,314.11.  (Mot. for Default J. 10; White Aff. ¶ 6.)

### III. REQUESTED RELIEF

Plaintiff seeks a total of $138,314.11 in damages, which includes $97,713.88 in unpaid obligations to the Reston Store, $33,919.68 in unpaid obligations to the Glen Burnie Store, and $6,680.55 in unpaid obligations to the Virginia Beach Store.[2]  (Compl. ¶¶ 12, 16, 21; Mot. for Default J. 10; White Aff. ¶¶ 3, 4, 5, 6.)

### IV. RECOMMENDATION

The Magistrate Judge recommends entry of judgment in the amount of $138,314.11 in favor of plaintiff against defendant. Specifically, the undersigned recommends an award of $97,713.88 in unpaid obligations to the Reston Store, $33,919.68 in unpaid obligations to the Glen Burnie Store, and $6,680.55 in unpaid obligations to the Virginia Beach Store.

---

[2] Though plaintiff sought attorneys' fees and costs in its Complaint, plaintiff only seeks damages in its Motion for Default Judgment.

## V. NOTICE

The parties are advised that exceptions to this Report and Recommendation pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure must be filed 10 days after service. A failure to object waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and defendant at the following address:

Charles C. Kim
12201 Cedarville Road
Brandywine, MD 20613

```
                     /s/
        THERESA CARROLL BUCHANAN
        UNITED STATES MAGISTRATE JUDGE
```

November 20th, 2009
Alexandria, Virginia